

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CRIMINAL ACTION

v. :

MICHAEL BANKOFF : NO. 07-185

**FILED**

MAR 2 1 2008

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

Baylson, J.           **March 21, 2008**

### I. Introduction

The indictment in this case charges Defendant Michael Bankoff ("Defendant") with threats against three employees of the Social Security Administration ("SSA") in three counts of threatening a public official in violation of 18 U.S.C. § 115(a)(1)(B).

On February 7, 2008, the Court held a hearing on various pretrial motions, including the Defendant's Motion to Dismiss the Indictment (Doc. No. 58). On March 7, 2008, this Court issued an order denying the Defendant's Motion to Dismiss, and this Memorandum explains the reasons for that order.

### II. Issue Presented

The Defendant has filed a motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B) for failure to sufficiently allege a violation of 18 U.S.C. § 115(a)(1)(B) ("Section 115"). According to the Defendant, Section 115 criminalizes threats against "officials," and the alleged victims in the present case, SSA employees, do not qualify as

"officials" but only as "employees" and therefore do not fall within the scope of the statute. The Defendant urges the Court to dismiss the indictment as a matter of law.

The specific wording of Section 115 proscribes the threatening of "a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 1114[1] of this title." 18 U.S.C. § 115(a)(1)(B). The parties agree that the alleged victims in the present case do not qualify as United States officials, United States judges, or Federal law enforcement officers. The issue is whether any of the alleged victims fall into the last category, as an "official whose killing would be a crime under Section 1114."

Section 1114 prohibits the killing or attempted killing of "any officer or employee of the United States or of any agency in any branch of the United States Government . . . while such officer or employee is engaged in or on account of the performance of official duties . . . ." 18 U.S.C. § 1114. Both parties agree, as the Indictment alleges, that the victims in this case qualify as "employees" within the scope of Section 1114, and that Section 1114 clearly criminalizes the killing of such employees. However, the Defendant is charged with threatening, not killing, and the Defendant contends that Section 115, which criminalizes threats, only covers threats against a subset of the individuals covered by Section 1114. In other words, the Defendant contends that because Section 115 only prohibits threats against "officials" whose killing would be a crime under Section 1114, it does not prohibit threats against all "persons" whose killing would be a crime under Section 1114, and therefore the alleged victims fall outside the scope of Section 115.

---

[1]Section 115's reference to section 1114 is a reference to 18 U.S. C. § 1114, hereinafter "Section 1114."

The Defendant relies in large part on <u>United States v. Fenton</u>, 10 F. Supp. 2d 501 (W.D. Pa. 1998) which held that although legislative aides were government employees, they were not "officials" and therefore threatening them was not a federal crime under Section 115. <u>Fenton</u> found that when Congress used the term "officials" in Section 115, instead of language such as "persons" or "officials and employees," it excluded mere government employees from the scope of the section. <u>Id.</u> at 503. Thus, according to <u>Fenton</u>, threats against government employees do not qualify as federal crimes.

<u>Fenton</u> first addressed the plain language of Section 115, and concluded that it did not unambiguously mandate criminal liability for threats against any government employee. <u>Id.</u> at 504. <u>Fenton</u> then turned to Section 115's legislative history and determined that "Congress did not intend to include all government employees within the scope of § 115(a)(1)." <u>Id.</u> As noted above, <u>Fenton</u> concluded that legislative aides were not officials, and therefore dismissed the indictment as it related to legislative aides.

The government disagrees with the conclusion in <u>Fenton</u> and urges the Court to deny the Defendant's motion to dismiss. According to the government, the language of Sections 115 and 1114 unambiguously criminalizes threats against government employees when they are engaged in their official duties.

Whereas the Defendant and <u>Fenton</u> treat the terms "official" and "officer" interchangeably, the government argues that they differ. According to the government, Section 1114's use of "official" as an adjective in the phrase "official duties" is relevant. The government argues that because Section 1114 prohibits the killing of an "officer and employee . . . engaged in or on account of the performance of official duties," the relevant inquiry is not the

rank of the alleged victim, but whether or not the alleged victim was engaged in official duties.

Therefore, according to the government, Section 115's use of the term "official" refers to both officers as well as lower level employees when they engage in official acts. The government points to <u>Fenton</u>'s acknowledgment that numerous published court cases involve threats leveled against government employees, including SSA field office representatives. <u>See Fenton</u>, 10 F. Supp. 2d at 503 n. 3. The government then cites to additional examples of such published cases, and contends that <u>Fenton</u> is an outlier and should not govern the outcome in this case.

## III.    Discussion

### A.    Sufficiency of the Indictment

This Court is not persuaded by the Defendant's arguments and finds the indictment to be sufficient. "[A]n indictment is sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>United States v. Olatunji</u>, 872 F.2d 1161, 1168 (3d Cir. 1989) (quoting <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974)). In evaluating the sufficiency of the indictment, the Court is limited to the four corners of the indictment itself. <u>United States v. Vitello</u>, 490 F.3d 314, 321 (3d Cir. 2007). Here, the indictment meets the standards for sufficiency. To adequately prove a violation of Section 115, the government must establish that 1) the defendant made a threat to assault; 2) the threat was against a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under section 1114. <u>United States v. Orozco-Santillan</u>, 903 F.2d 1262, 1265 (9th Cir. 1990). The indictment sets forth these elements

-4-

and sufficiently puts Mr. Bankoff on notice of the charges he must defend.

While the indictment calls the victims in this case "employees," that verbage does not preclude the conclusion that they qualify as "officials" as the term is used in Section 115. As noted above, this Court is limited on a motion to dismiss to evaluating the indictment itself, and the Court finds that it would be improper to dismiss an indictment on the grounds that the alleged victims, SSA employees, do not under any circumstances whatsoever qualify as "officials" under Section 115. The Court can not conclude, as a matter of law and without hearing any evidence, that a "mere employee" is not covered by Section 115. The Defendant is welcome to raise the legal arguments submitted in his motion to dismiss at trial, on motion for acquittal, for jury charge, or on post-trial motions; however, they are not grounds for a motion to dismiss.

**B.      The Term "Official"**

The Court also concludes, in the pretrial context, that the term "official" as used in Section 115, is not necessarily a term of limitation, but rather, is a broad, descriptive term. The Court's conclusions as to the term "official" are preliminary, and as noted above, the Defendant is welcome to raise this issue at trial.

Given that Section 115 refers to an "official" whose killing would be a crime under Section 1114, and that Section 1114 refers to "officers or employees," the plain language of the statutes at issue, taken as a whole, indicates that "official" encompasses "officer or employee." Furthermore, Section 1114 states that it applies to officers or employees engaged in the performance of "official duties." Thus, Section 115's reference to an "official" is reasonably interpreted to mean an "officer or employee" who is engaged in the performance of "official duties."

As the government points out, Section 1114 plainly embraces both officers and employees as generic terms, and does not differentiate the two.  Neither Section 115 nor Section 1114 provides a basis upon which to distinguish between different types of employees, and the Court refuses to do so as a matter of law, prior to trial.

Other than Fenton, with which this Court respectfully disagrees, the parties have not cited, and this Court has not found, case law which directly addresses the scope of the term "official" as used in Section 115.  Section 115 does not define the term; however, it is clear that elsewhere in Title 18 the term "official" can be quite broad and can indeed include lower level government employees.  See, e.g., 18 U.S.C. § 201(a)(1) (stating that for the purposes of the section "the term 'public official' means Member of Congress . . . or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of government thereof . . . .")

Furthermore, prosecutions under Section 115 for threats against lower level government employees are not rare.  In fact, the government points to cases where appellate courts have affirmed convictions under Section 115 for threatening "mere" government employees.  See e.g. United States v. Cash, 394 F.3d 560 (7th Cir. 2005) (affirming conviction under Section 115 for threats against VA employee); United States v. Pacione, 950 F.2d 1348 (7th Cir. 1991) (affirming conviction under Section 115 for threats against federal revenue officer who had been assigned to collect taxes).  One reported case even addresses a prosecution with facts similar to those presently before this Court.  See United States v. Leemans, 1995 WL 569246 (E.D. La. Sept. 22, 1995) (discussing a prosecution, pursuant to Section 115, for threats against a lower level SSA employee).  Although the defendants in these cases appear not to have raised the issue

-6-

that Mr. Bankoff raises here, the cases do indicate that Section 115 is frequently perceived as criminalizing threats against lower level government employees.

**IV.   Conclusion**

For the reasons stated above, the Court has denied the Defendant's motion to dismiss. An appropriate order was issued on March 7, 2008.

O:\Criminal Cases\07-185 Bankoff, US v\Memo re Bankoff MTD.wpd

Fax
cc: Hardy, AUSA
    McHugh, Defenders Assoc

-7-