IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| MICHAEL BANKOFF | : | NO. 07-185 |

**MEMORANDUM**

Baylson, J.                                                                                   **August 22, 2008**

## I.    Introduction

The indictment in this case charged Defendant Michael Bankoff ("Defendant") with threats against three employees of the Social Security Administration ("SSA"), in three counts of threatening a public official in violation of 18 U.S.C. § 115(a)(1)(B).[1] Mr. Bankoff proceeded to trial on all three counts on March 24, 2008, and the jury returned a verdict of not guilty on Count One, and guilty on Counts Two and Three.[2] Presently at issue is Defendant's Renewed Motion For Judgment Of Acquittal Under Rule 29 (Doc. No. 125).

## II.    Procedural Background

The defense first moved for a judgment of acquittal under Federal Rule of Civil Procedure 29 during Mr. Bankoff's trial, after the government closed its evidence. The Court

---

[1] The Court previously denied Defendant's Motion to Dismiss which argued that the indictment failed to charge a crime because the alleged victims were not "public officials," in reliance on United States v. Fenton, 10 F.Supp.2d 501 (W.D. Pa. 1998). See United States v. Bankoff, 2008 WL 756081.

[2] Each count charged Mr. Bankoff with threatening a specific Social Security employee; thus there were three alleged victims and the jury convicted Mr. Bankoff of threatening two of them.

reserved decision on the motion, pursuant to Rule 29(b). After the close of all the evidence, the defense renewed its motion for judgment of acquittal, and again the Court reserved decision on the motion. On March 26, 2008, the jury acquitted Mr. Bankoff of threatening one of the SSA employees, Mr. Dan Sphabmixy (Count I), but convicted Mr. Bankoff of threatening two other SSA employees, Ms. Susan Tonik (Count II) and Ms. Crystal Robinson (Count III). On March 31, 2008, the defense timely renewed its motion for acquittal, and later filed a supporting memorandum (Doc. No. 125). The government filed an opposing brief (Doc. No. 130), and the defense replied (Doc. No. 132).

On July 25, 2008, the undersigned acquitted Mr. Bankoff of Count III (threatening Ms. Robinson) in a ruling from the bench because there had been insufficient evidence, at trial, for the jury to conclude that Ms. Robinson was a "federal official". This Memorandum explains the reasons for that order.

### III.   Issues Presented

#### A.   Whether the Evidence was Sufficient to Prove that Ms. Tonik and Ms. Robinson Were Federal Officials

In order to convict Mr. Bankoff for threatening a federal official in violation of 18 U.S.C. § 115(a)(1)(B), the jury was required to determine that the alleged victim qualified as a "federal official". The Court instructed the jury as follows:

> The second element that the government must prove beyond a reasonable doubt is that at the time of the alleged threat, the individuals named in the indictment were federal officials. The government does not have to prove that the defendant knew that these individuals were federal officials. In determining whether the individuals named in the indictment were federal officials, you should consider the extent of the individual's authority to act on behalf of the United States government, in this case on behalf of the Social Security Administration.
> An official is authorized to exercise governmental functions and to make

decisions on behalf of the government. An official is a person who is authorized to exercise his or her discretion in the performance of his or her government duties, as distinguished from an employee who performs routine and subordinate functions.

The crime of threatening a federal official is designed to protect federal officials acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the government to prove that the victim was a federal official at the time of the alleged threat. Whether the defendant knew that the victim was a federal official at the time is irrelevant to such a determination, and should not be considered by you.

As noted above, the jury convicted Mr. Bankoff of threatening Ms. Tonik and Ms. Robinson in violation of 18 U.S.C. § 115(a)(1)(B), and therefore must have determined that they were both "federal officials." The defense and the government dispute whether the evidence presented at trial was sufficient to support that determination.

### B. Whether the Evidence was Sufficient to Prove the Other Elements of Count Three: True Threat and Criminal Intent

Also in dispute is whether the government proved by substantial evidence the remaining elements of Count III. According to the defense, there was insufficient evidence to conclude that Mr. Bankoff's communications to Ms. Robinson constituted true threats. The defense argues that Mr. Bankoff's statements to Ms. Robinson represented a fleeting spurt of transitory anger, but not true threats. In opposition, the government contends that the evidence supports the jury's reasonable conclusion that the statements were threats and refers to Ms. Robinson's testimony that she feared Mr. Bankoff would "try to do something."

The defense also claims that the evidence presented at trial did not support a finding that Mr. Bankoff acted with the intent to impede, intimidate, and interfere with Ms. Robinson while she was performing her official duties. According to the government, however, the evidence showed that Mr. Bankoff did not randomly call Ms. Robinson, and in fact called her and

threatened her specifically because of her role as a SSA employee.

## IV. Discussion

### A. Standard for Judgment of Acquittal

Federal Rule of Criminal Procedure 29(c) provides, in pertinent part, that "if the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2). In ruling on a motion for acquittal based on insufficiency of the evidence pursuant to Rule 29, the court must view the evidence in the light most favorable to the government and must "presume that the jury properly evaluated the credibility of witnesses, found the facts, and drew rational inferences." United States v. Iafelice, 978 F.2d 92, 94 (3d Cir. 1992). Furthermore, "a verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilty beyond a reasonable doubt." United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987). It is the Court's duty, therefore, to "independently re-examine the record and determine as a matter of law whether the evidence could support an inference of guilt beyond a reasonable doubt." United States v. Ashfield, 735 F.2d 101, 106 (3d Cir. 1984). In so doing, the Court may not substitute its opinion for that of the jury and is limited to determining whether the jury made a permissible conclusion. Id.

### B. Federal Officials

#### 1. Ms. Robinson

At the time Mr. Bankoff threated Ms. Robinson, she held the job title of "service representative." On direct examination, Ms. Robinson testified about her job duties as follows:

> Q.   Okay. All right. Now you said you were a service representative.

|   |   |
|---|---|
|   | Just tell the jury very generally, what does a service representative do? |
| A. | A service representative would answer general inquiries from the public. We were basically the first line of – that you would see when you would come into the office, or when you would call into the office we would answer questions about, you know, if someone was receiving benefits, whether they were entitled to benefits, payment issues, and things of that nature. |

NT 3/25/08 at 114-115.

This testimony is insufficient to reasonably conclude that Ms. Robinson was a federal official. As noted above, the jury was instructed that a federal official "is authorized to exercise governmental functions and to make decisions on behalf of the government." Ms. Robinson's testimony as to her job duties does not indicate that she made decisions on behalf of the government. Ms. Robinson testified about other aspects of her job, but none of the testimony supports the conclusion that she was a federal official. For example, Ms. Robinson explained that answering the telephones was part of her usual job duties, NT 3/25/08 at 117-118. Ms. Robinson also testified that she did not have the authority to hire or supervise other employees. NT 3/25/08 at 138. This evidence does not provide a basis for the jury to determine that Ms. Robinson was authorized, at the time Mr. Bankoff threatened her, to make decisions on behalf of the federal government.

The government relies on Ms. Tonik's testimony to argue that Ms. Robinson was a federal official. Ms. Robinson had the job title "service representative" when Mr. Bankoff threatened her, and Ms. Tonik testified about the duties of service representatives generally. NT 3/25/08 at 55-56. Ms. Tonik stated that service representatives determine whether they can answer a question themselves or must refer the question to a claims representative. Id.

According to the government, because Ms. Robinson determined whether to address a question or to refer it, it was reasonable for the jury to conclude that she was a federal official. The Court disagrees. As noted above, the Court instructed the jury that federal officials make decisions on behalf of the federal government and exercised governmental functions. The pertinent jury instruction also specified that federal officials should be distinguished from employees who perform routine and subordinate functions. Although Ms. Robinson's work as a service representative at the SSA was valuable, she performed routine and subordinate functions. The evidence indicates that she answered the telephone, responded to the questions she could answer, and forwarded the questions she could not answer. The prosecution did not present evidence suggesting that Ms. Robinson made decisions on behalf of the federal government or exercised governmental functions. The evidence introduced at Mr. Bankoff's trial was thus insufficient for a reasonable jury to conclude that Ms. Robinson was a federal official, and the Court acquitted Mr. Bankoff on Count III.

    2.    **Ms. Tonik**

In contrast, the government presented sufficient evidence to allow the jury to find that Ms. Tonik, who was an "operations supervisor" at the time Mr. Bankoff threatened her, qualified as a federal official. Ms. Tonik testified that she oversaw the daily operation of the supplemental security income program in the local field office, NT 3/25/08 at 54, and if a member of the public asked to speak with a supervisor, Ms. Tonik fielded that inquiry. The evidence further indicates that Ms. Tonik supervised "claims representatives" who had the authority to adjudicate claims on behalf of the federal government. NT 3/25/08 at 54; NT 3/24/08 at 120.

This evidence is sufficient for a reasonable jury to conclude, based on the applicable jury

instruction, that Ms. Tonik exercised governmental functions, made decisions on behalf of the government and therefore was a federal official. To be sufficient, evidence need not be perfectly clear or permit only one conclusion, and "[t]he jury may make reasonable inferences from the evidence presented." United States v. Davis, 183, F.3d 231, 238 (3d Cir. 1999). In the instant case, given Ms. Tonik's testimony, it was reasonable for the jury to conclude that Ms. Tonik was a federal official, and the Court therefore denies the defense's motion to acquit Mr. Bankoff for threatening Ms. Tonik in violation of 18 U.S.C. § 115(a)(1)(B).

### C. Defendant's Communication to Ms. Robinson

As discussed above, the defense also argues that Mr. Bankoff's statements to Ms. Robinson do not constitute true threats and that Mr. Bankoff did not have the specific intent necessary to be guilty of threatening a federal official. Since the Court acquitted Mr. Bankoff of threatening Ms. Robinson in violation of 18 U.S.C. § 115(a)(1)(B), it need not address the defense's arguments regarding true threats and specific criminal intent.

### IV. Conclusion

For these reasons, on July 25, 2008, the Court granted in part and denied in part the Defendant's motion for acquittal. Mr. Bankoff was acquitted of Count III (Ms. Robinson) but the conviction on Count II (Ms. Tonik) remains. An appropriate order was issued from the bench on July 25, 2008.

BY THE COURT:

_____
Michael M. Baylson, U.S.D.J.

O:\Kathy\07-185 US v. Bankoff\MEMO re Rule 29 acquittal.wpd

-7-